UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROBERT C. SMITH, M.D., | Civil Action No. 3:00-cv-01359(PCD) |
| Plaintiffs, | |
| vs. | |
| YALE UNIVERSITY and YALE-NEW HAVEN HOSPITAL, INC., | |
| Defendants. | APRIL 16, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION OF DEFENDANT YALE UNIVERSITY
TO UNSEAL THE ORIGINAL COMPLAINT**

Defendant Yale University ("Yale") respectfully submits this memorandum of law in support of its unopposed motion to unseal the original complaint filed in this action.

## INTRODUCTION

This is a private *qui tam* action to recover damages and civil penalties arising from alleged false claims made in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* After the government declined to intervene in this case, this Court entered an order unsealing the first amended complaint, and Plaintiff-Relator Robert Smith ("Smith" or "Relator") served Yale with a copy. In order to defend itself in this lawsuit, Yale also needs access to the original complaint, which remains under seal. Moreover, the purposes of sealing the original complaint – to protect the defendant and to allow the government to investigate the alleged claims – are no longer at issue in this case. For these reasons, the original complaint should be unsealed. Counsel for the government and for Smith have both indicated that they do not oppose this motion. (Declaration of Jodi K. Miller ("Miller Decl.") ¶¶ 2-3.)

ny-563665

## BACKGROUND AND STATEMENT OF FACTS

Smith initiated this civil action in the name of the United States under the False Claims Act. 31 U.S.C. § 3730(b)(1). To institute such an action, a private litigant must file a copy of the complaint under seal and serve a copy of the complaint on the government, allowing the government to decide whether to intervene and take over the action. *See* 31 U.S.C. § 3730(b). The complaint remains under seal for 60 days or until the government decides whether it will intervene in the case, at which point the complaint is unsealed and the defendant is served. *Id.*

After receiving the original complaint and amended complaint and investigating the allegations therein, on September 16, 2003, the government notified the Court that it declined to intervene. (Miller Decl. ¶ 4 & Ex. A.) With its notification, the government provided the Court with a proposed order directing that the *amended* complaint be unsealed and that Relator serve the amended complaint upon the defendants. (Miller Decl. ¶ 5 & Ex. B.) On September 18, 2003, this Court entered the government's proposed order. (*Id.*) That order is silent with respect to the *original* complaint, which thereby remained under seal. Yale's response to the second amended complaint is due on April 30, 2004.

## ARGUMENT

At this stage of the litigation, there is no longer any reason to keep the original complaint under seal. The sealing period is intended to protect the government and defendants – not the relators – in private *qui tam* actions. The sealing period gives the government time to evaluate the private suit and "'determine both if that suit involves matters the Government is investigating and whether it is in the Government's interest to intervene.'" *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998 (2d Cir. 1995) (quoting legislative history of the False Claims Act). Clearly, this purpose is moot in this case because the government notified the court

nearly eight months ago of its intention not to intervene and does not oppose the unsealing of the original complaint. (Miller Decl. ¶ 2.) The sealing period is also intended to protect defendants, first, from having to answer a complaint without knowing who – the government or the relator – would pursue the litigation, and second, from harm to reputation "when a meritless qui tam action is filed, because the public will know that the government had an opportunity to review the claims but elected not to pursue them." *Pilon*, 630 F.3d at 999. Because the first amended complaint and second amended complaint are not under seal, Yale no longer needs the protections of the sealing period, and by this motion, affirmatively seeks access to the original complaint.

## CONCLUSION

For the foregoing reasons, Yale respectfully requests that this Court enter the attached proposed Order lifting the seal on the original complaint.

Respectfully submitted,

By: _____
William J. Doyle (ct 04190)
Kenneth D. Heath (ct 23659)
WIGGIN AND DANA, LLP
265 Church Street, One Century Tower
New Haven, CT 06508-1832
(203) 498-4400

Attorneys for Defendant
Yale University

Of Counsel:

Carl H. Loewenson, Jr.
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0185
(212) 468-8000

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2004, I caused to be served a copy of the foregoing by United States Postal Service, First Class Mail to:

> Mary Alice Leonhardt, Esq.
> Law Offices of Mary Alice Leonhardt, LLC
> 102 Oak Street
> Hartford, CT 06106
> Facsimile: (860) 525-2194
>
> Peter B. Presley, Esq.
> Jacques J. Parenteau, Esq.
> Madsen, Prestley & Parenteau, LLL
> 44 Capitol Avenue, Suite 201
> Hartford, CT 06106
>
> Patrick M. Noonan, Esq.
> Delaney, Zementis, Donahue & Noonan, P.C.
> 741 Boston Post Road
> Concept Park
> Guilford, CT 06437

and, pursuant to Rule 5(c) of the Local Rules of Civil Procedure, three copies by United States Postal Service, First Class Mail to:

> John Hughes, Esq.
> Richard Molot, Esq.
> Assistant United States Attorney
> Office of the Assistant United States Attorney
> 157 Church Street, 23rd Floor
> New Haven, CT 06510.

_____
Kenneth D. Heath (ct23659)

ny-563665