UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES<br>ex rel. ROBERT C. SMITH, M.D., | : <br> : <br> : | Civil Action<br>No. 3:00-cv-01359(PCD) |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | |
| YALE UNIVERSITY and YALE-NEW HAVEN<br>HOSPITAL, INC., | : <br> : <br> : | |
| Defendants. | : <br> : <br> : | June 4, 2004 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH
THE THIRD-PARTY SUBPOENA AND STAY DISCOVERY**

**I.  Introduction**

Plaintiff, Robert Smith, M.D., through his undersigned counsel, hereby opposes Defendant's Motion to Quash the Third-Party Subpoena and Stay Discovery, dated May 18, 2004. Defendant fails to cite any authority that supports its contention and fails to acknowledge the wealth of precedent where similar motions to stay pending motions to dismiss have been denied. Furthermore, Defendant fails to show the requisite good cause that Rule 26(c) requires and advocates an untenable rule that is inconsistent with both the False Claims Act and the Federal Rules of Civil Procedure. Accordingly, Defendant's Motion should be denied.

**II.  Defendant Cites No Authority to Support its Contention that Discovery
Should be Stayed When there is a "Forthcoming" Motion to Dismiss**

   A.  Courts Have Refused to Stay Discovery Under the False Claims Act When
       a Motion to Dismiss is Pending

Courts have rejected requests by previous defendants to stay discovery during the pendency of a motion to dismiss a claim under the False Claims Act.  *See*, *e.g.*, *Croskey*

1

*v. United States*, 26 Cl. Ct. 685, 686 (1992); *United States ex rel. Coppock v. Northrop Grumman Corp.*, No. CIV. A 398CV2143D, 2002 WL 1796979 at *1 n.1 (N.D. Tex. Aug. 1, 2002); *United States ex rel. Chandler v. Hektoen Inst. for Med. Research*, 35 F. Supp. 2d 1078, 1079 n.1, 1087 (N.D. Ill. 1999). *See also Howard v. Galesi*, 107 F.R.D. 348 (S.D.N.Y. 1985) (denying defendant's request to stay discovery during pendency of motion to dismiss a securities lawsuit because the defendant failed to show good cause or demonstrate that the plaintiff's complaint was not defective).

As one district court within this Circuit explained as it denied a defendant's motion to stay discovery during the pendency of a motion to dismiss pursuant to Rules 9(b) and 12(b)(6):

> While [it] is undoubtedly within the discretion of a District Court [to stay discovery], *see* Fed. R. Civ. P. 26(c), it should not be granted routinely simply on the basis that a motion to dismiss has been filed. 'Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision.' *Moss v. Hollis,* 1990 Fed. Sec. L. Rep. (CCH) ¶ 95,443 at 97,260 (D.Conn. June 29, 1990). Defendants' argument is similar to that rejected in *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985), where the Court pointed out that 'the defendant has assumed that the underlying motion to dismiss will be successful.' But, as in that case, the Court is not prepared to find--especially since plaintiffs' response to the motion to dismiss is not yet due on an agreed briefing schedule--that dismissal is "inevitable." *Id.* (If there is a dismissal, moreover, plaintiffs may be granted the right to, and successfully, amend. *Id.* at 350 n.4.) This is not a case such as *Kas v. Chase Manhattan Bank,* 1990 Fed. Sec .L. Rep. (CCH) ¶ 95,381 (S.D.N.Y. July 30, 1990) where the Court denied discovery after dismissal of a complaint pending the filing of a well-pleaded amended complaint. Nor is it a case where plaintiffs' counsel are looking to discovery for a basis on which to sustain the challenged pleading: they have disavowed such a purpose.

*In re Chase Manhattan Corp. Securities Litig.*, No. 90 Civ. 6092 (LMM), 1991 WL 79432 at *1 (S.D.N.Y. May 7, 1991). In another case, this Court rejected a similar motion to stay discovery during the pendency of a motion to dismiss:

2

> As to the anticipated motions to dismiss, defendants only speculate that such motions may be successful. They have not attempted to point out any glaring deficiencies, either substantively or jurisdictionally, in plaintiff's complaint that would subject it to dismissal. . . . [A] review of the complaint reveals that it is not frivolous. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision. Rather, Rule 1 provides that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of any action.' Absent a strong showing that any such motions to dismiss would be successful, defendants' motion for protective order [staying discovery] is denied.

*Moss v. Hollis*, Civ. No. B-90-177 (PCD), 1990 WL 138531 at *1 (D. Conn. June 29, 1990).

Previous courts have rejected motions to stay discovery during the pendency of a motion to dismiss. Defendant, apparently seeking a head start on the issue, moves this court to stay discovery until it issues a ruling on Defendant's "forthcoming" motion to dismiss. By virtue of the fact that Defendant has not even yet filed its motion to dismiss, Defendant's request for a stay of discovery would lead to a greater delay than those cases where defendants have requested a stay while their respective motions to dismiss were already pending. Notwithstanding the fact that Defendant seeks a greater delay than those defendants who requested a stay when their motions to dismiss were pending, Defendant's motion to stay discovery is not qualitatively different from those motions previously rejected by this Court and others. Accordingly, Defendant's motion to stay discovery should be denied.

    B.    <u>Defendant Has Failed to Demonstrate "Good Cause" Why the Court Should Stay Discovery</u>

In *Howard v. Galesi*, 107 F.R.D. 348 (S.D.N.Y. 1985), a suit involving securities litigation, a district court within this Circuit refused a defendant's request to stay discovery during the pendency of its motion to dismiss. In *Howard*, the plaintiff alleged

3

the defendant violated various securities laws. The defendant moved to dismiss the plaintiff's complaint on the grounds that the plaintiff did not allege fraud with sufficient particularity to satisfy the requirements set forth in Rules 9(b) and 12(b)(6) and sought a ruling from the court staying discovery until its motion was ruled upon. *Id.* at 349-350. The district court explained that under Rule 26(c), a district court is only authorized to stay discovery if the moving party demonstrates "good cause." Since the defendant failed to introduce any evidence that complying with the plaintiff's discovery requests would cause it to suffer harm, the court denied the defendant's request to stay discovery. *Id.* at 350. The Court also rejected the defendant's argument that, under Rule 9(b), discovery should wait until a court rules on the sufficiency of the plaintiff's complaint:

> the defendant's argument is that courts in this Circuit preclude discovery until a valid complaint has been pleaded. In making this argument, the defendant has assumed that the underlying motion to dismiss will be successful. While the Court does not suggest that the defendant's motion will be denied, it is not persuaded that the granting of this motion is inevitable. The cases relied upon by the defendant in support of this argument are inapplicable to the present setting. These cases preclude discovery in instances where the Court has already ruled that the complaint is defective [for purposes of Rule 9(b)].

*Id.* at 350.

In the instant action, Defendant has failed to introduce any evidence that Plaintiff's discovery request are overly broad, unduly burdensome, or that complying with them would impose any harm or unreasonable cost upon Defendant. Defendant has failed to introduce any evidence that Plaintiff seeks discovery that is more burdensome than that normally conducted in litigation. Discovery, by its very nature, is costly for litigants. But that is insufficient justification to make the requisite showing of "good cause"; if it were, then every defendant would request that discovery be stayed in every single lawsuit. Since under Rule 26(c), the burden is on Defendant to demonstrate the

4

need for a protective order staying discovery and Defendant has failed to meet its burden, Defendant's Motion should be denied.

    C.    The Authorities Upon Which Defendant Relies are Distinguishable Because No Court Has Yet Found Plaintiff's Complaint to be Deficient

Defendant cites several cases for the proposition that "courts routinely prohibit relators from conducting discovery until they have satisfied the Rule 9(b) pleading requirements." (Def's Mem. Supp. Mot. Quash and Stay Disc. at 4-5.) The cases upon which Defendant relies, however, do not stand for that proposition and are, furthermore, distinguishable from the instant action. In fact, the cases upon which Defendant relies are the same type of cases relied upon by the defendant in *Howard*: cases in which the plaintiff's complaint was already found to be deficient for purposes of particularity under Rule 9(b) by the district court. *See United States ex rel. Riley v. Alpha Therapeutic Corp.*, No. C-96-0704 DLJ, 1997 WL 818593 (N.D. Cal. Nov. 10, 1997); *United States ex rel. Sanders v. East Ala. Healthcare Auth.*, 953 F. Supp. 1404 (M.D. Ala. 1996); *United States ex rel. Stinson, Lyons, Gerlin & Bustamente, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F. Supp. 1040, 1051 (S.D. Ga. 1990) (cited in Def's Mem. Supp. Mot. Quash and Stay Disc. at 4-5).

The cases cited by Defendant do not stand for the proposition that relators are prohibited from conducting discovery until they have satisfied the Rule 9(b) pleading requirements, as Defendant suggests. They stand for the proposition that once a court rules that a plaintiff's pleadings fail to meet the particularity requirement of Rule 9(b), the plaintiff is not permitted to conduct additional discovery to remedy that deficiency. *See Howard*, 107 F.R.D. at 350. In the instant action, this Court has not yet ruled that Plaintiff's Second Amended Complaint fails to meet the particularity requirements of

5

Rule 9(b), so Plaintiff should not be prohibited from conducting discovery.[1] Accordingly, Defendant's Motion should be denied.

### III. Defendant Advocates for an Untenable Rule

Defendant argues that a district court presiding over a False Claims Act claim should stay discovery prior to a "forthcoming" motion to dismiss just because the defendant speculates that Plaintiff seeks to use information obtained during discovery to replead his complaint with greater specificity. Defendant's argument, at its core, is that under Rule 9(b), no plaintiff should be allowed to conduct any discovery until after a district court rules on the defendant's motion to dismiss and finds that the plaintiff has pleaded fraud with sufficient particularity in his original pleading.

If Defendant's proposed rule were adopted, then discovery could be stayed in every single suit involving a claim under the False Claims Act whenever a motion to dismiss is "forthcoming." Neither the Federal Rules of Civil Procedure that govern discovery, nor the False Claims Act itself, contemplate such a rule.

The delay that would result from the adoption of Defendant's rule is contrary to the spirit of the Federal Rules of Civil Procedure. Rule 1 of the Federal Rules of Civil Procedure expressly states that the Federal Rules "shall be construed and administered to secure the <u>just, speedy, and inexpensive</u> determination of <u>every action</u>." Fed. R. Civ. P. 1 (emphasis added). As Defendant admits in its own Memoranda, under the present case schedule, "Defendants shall serve their motion to dismiss the Second Amended Complaint by July 15, 2004, Relator shall serve his brief in opposition to the motion to

---

[1] In fact, other courts have ruled that plaintiffs bringing claims under the False Claims Act "who produced a fair quantum of evidence to support the allegations of their complaint" are entitled to "a reasonable amount of discovery." *United States ex rel. Nudelman, M.D. v. Int'l Rehabilitation Assoc. Inc.*, Civ. No. 00-1837, 2004 U.S. Dist. LEXIS 8951 at *4 (E. D. Pa. May 14, 2004) (ruling that a *qui tam* relator was entitled to a reasonable amount of discovery based on statutory framework and congressional record).

6

dismiss by August 20, 2004, and Defendants shall serve any replies thereto by September 20, 2004." (Def's Mem. Supp. Mot. Quash and Stay Disc. at 2.) Therefore, if Defendant's rule is adopted and this Court stays discovery until it rules on Defendant's "forthcoming" motion to dismiss, discovery is likely to be stayed until early next year. There is no justification for such a ruling in the instant action. Such a delay would be completely inconsistent with the mission of the Federal Rules to facilitate and secure the "speedy" determination of every action. As another court explained, motions to stay discovery pending the outcome of a motion "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). *See also Moss v. Hollis*, Civ. No. B-90-177 (PCD), 1990 WL 138531 at *1 n.2 (D. Conn. June 29, 1990) ("granting a stay of discovery on the present record would create precedent that would result in a stay of discovery until such motions were resolved and result in significant delay in the court's docket.")

Defendant proposes an incredibly broad rule. Defendant does not just move this Court to stay discovery during the pendency of a motion to dismiss. Defendant cannot request such relief because it has not yet filed its motion to dismiss. Defendant seeks a much broader rule. Defendant moves this Court to stay discovery until after a ruling is made on its "forthcoming" motion to dismiss. Thus, under Defendant's proposed rule, a district court should stay discovery when a defendant informs the court that a motion to dismiss is "forthcoming." If applied in a future case, a defendant could move the district court at the scheduling conference, or even when it files its answer, to stay discovery

7

until after the court rules on a motion to dismiss that is "forthcoming." Such a result would be an aberration under the Federal Rules of Civil Procedure, under which a defendant must show "good cause" under Fed. R. Civ. P. 26(c) to stay discovery. *See Howard v. Galesi*, 107 F.R.D. 348 (S.D.N.Y. 1985).

In addition to lacking support under the Federal Rules of Civil Procedure, Defendant's proposed rule, that discovery in suits under the False Claims Act should be stayed until after a court rules on the sufficiency of a plaintiff's pleadings, is contrary to congressional intent under the False Claims Act. When Congress wishes for discovery to be stayed for any reason under any of its statutes, it makes its intent unmistakably clear. Congress did in fact address a circumstance under which discovery should be stayed under the False Claims Act, but Defendant's proposed rule was not the circumstance under which Congress wished for discovery to be stayed. In 31 U.S.C. § 3730(c)(4), Congress added a provision to the False Claims Act authorizing the court to stay discovery if the relator's actions interfere with the Government's investigation. *See United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 976 (7th Cir. 2002). Thus, Congress envisioned a circumstance where a court should stay discovery, but it was not to stifle a party's attempt to uncover a defendant's fraudulent practices. It was a circumstance where if given a choice between a private party or the government performing the investigation into a defendant's fraudulent conduct, Congress preferred that the Government be allowed to act unfettered by the actions of a private party pursuing identical information.

Another example of congressional intent to stay discovery in civil proceedings is 15 U.S.C. § 78u-4(b)(3)(B), an Act governing private securities litigation. Section 78u-4(b)(3)(B) states:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

When Congress intends for discovery to be stayed under one of its statutes, it makes its intent unmistakably clear. Congress, despite expressly providing for a stay of discovery elsewhere in the False Claims Act and in other statutes, did not include a provision in the False Claims Act under which a district court should stay discovery until it rules on a defendant's "forthcoming" motion to dismiss.

While Plaintiff recognizes the inherent power of any federal district court judge to regulate the procession of discovery in the cases over which it presides, congressional intent is a factor that should be considered. Accordingly, Defendant's Motion should be denied.

### IV. **Plaintiff Has Pled Sufficient Particularity**

In its Motion, Defendant argues that Plaintiff's pleadings lack sufficient particularity under Rule 9(b). (*See* Def's Mem. Supp. Mot. Quash and Stay Disc. at 5-6.) Defendant's arguments attacking the sufficiency of Plaintiff's pleadings are premature at this juncture. Defendant's argument, that Plaintiff has not alleged sufficient particularity under Rule 9(b), belongs in Defendant's "forthcoming" motion to dismiss, not the Motion that is currently before the Court. Notwithstanding the fact that its attacks on the sufficiency of Plaintiff's pleadings are irrelevant to the Motion at issue, Defendant's

9

contentions are erroneous. Therefore, it is incumbent upon Plaintiff to refute them at this time.

Under Rule 9(b), a plaintiff must allege the specific who, what, when, where, and how of defendants' fraudulent scheme. *See United States ex rel. Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330, 336 (W.D.N.Y. 1998) ("a plaintiff must allege when and where the statements were made, identify the individual responsible for the statements, and specify the content of the alleged fraudulent statements") (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). The primary purpose of the Rule 9(b) pleading requirements is to provide a defendant with "fair notice of the plaintiff's claim and the factual background upon which it is based." *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990).

Plaintiff has certainly alleged each required element of Defendant's fraudulent scheme to a sufficient degree to provide "fair notice" to Defendant. In virtually every paragraph of the Second Amended Complaint, Plaintiff identifies the various fraudulent practices, the individuals involved, who was making decisions, who was complaining, who participated in meetings, who was responsible for billing, the specific dates on which statements were made and meetings were taking place, how the fraudulent practices were carried out, who directed the fraud be carried out, who knew how the fraudulent practices worked, who expressed concerns about the fraudulent practices, and to whom those concerns were expressed. Furthermore, Plaintiff describes in great detail the scope of fraudulent practices such as the use of the Autosign procedure to manufacture fraudulent claims.

In *Mikes v. Strauss*, 889 F. Supp. 746 (S.D.N.Y. 1995), the plaintiff alleged that the defendant was defrauding the government by filing medicare claims for unnecessary and excessively expensive radiological tests:

> Specifically, plaintiff claims, without citing a specific instance, that over the course of her employment she observed spirometry tests performed incorrectly, performed with uncalibrated instruments, repeatedly administered to patients when unnecessary, and often administered without subsequent interpretation of the test results. Likewise, plaintiff claims that defendants utilized MRIs to the exclusion of often more probative and less expensive x-ray or CT scans, administered MRIs excessively and unnecessarily, and often obtained MRIs of parts of patients' bodies unrelated to the diagnosis and treatment of their ailments. . . . Plaintiff also claims that defendants performed their MRI examinations at facilities [that] paid . . . defendants a $60,000/year consulting fee and paid defendant Friedman for referring patients to it.

*Mikes*, 889 F. Supp. at 749-750. The court stated that "[a]lthough plaintiff does not detail every specific instance when defendants' alleged overbilling occurred, we think the allegations of spirometry and MRI misuse are sufficiently specific to put defendants on notice of their alleged fraudulent activity under circumstances of a *qui tam* action." *Id.* at 751 n.5. The *Mikes* court cited an exception to the heightened pleading requirements where the facts and documents are in the exclusive control and possession of the moving party. *Id.* (citing *Wilkins ex rel. United States v. Ohio*, 885 F. Supp. 1055 (S.D. Ohio, 1995).

As the *Mikes* court demonstrated, courts within the Second Circuit relax the heightened pleading requirement in situations where additional facts are in the exclusive control and possession of the defendant and a complaint "adduce[s] specific facts supporting a strong inference of fraud." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990); *Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir. 1987) (plaintiff's complaint insufficient because it failed "to adduce any specific facts supporting an

11

inference of knowledgeable participation in the alleged fraud . . . ."). Defendant ignores that principle when it contends that Plaintiff's Second Amended Complaint is deficient because it does not identify a specific false claim that Defendant submitted to the government or evidence that Defendant received payment for any fraudulent claims. (*See* Def's Mem. Supp. Mot. Quash and Stay Disc. at 5-6.) Specific information regarding submitting individual claims to the government, billing, and receipt of payment on those claims is exclusively within Defendant's control and possession. Other courts have expressly held that plaintiffs bringing FCA claims are not required to plead that information under Rule 9(b). *See, e.g., United States ex rel. Durcholz v. FKW, Inc.*, 997 F. Supp. 1143, 1152 (S. D. Ind. 1998) ("Although the Complaint did not allege the precise number of times that FKW fraudulently invoiced the Navy on this project, that omission does not violate Rule 9(b) or otherwise compromise Defendants' right to fair notice. Defendants are in possession of such information, and Plaintiff was not required to plead them prior to discovery.").

A complaint still passes muster under Rule 9(b), even though it does not allege specific information that is exclusively within the defendant's control, if it alleges facts that raise an inference of fraudulent conduct. *See Tribune Co. v. Purcigliotti*, 869 F. Supp. 1076, 1090 (S.D.N.Y. 1994) (and cases cited therein). Plaintiff's Second Amended Complaint, by outlining in great detail the fraudulent scheme carried out by Defendant, certainly raises an inference of fraudulent conduct without the identification of specific billing records and invoices. Furthermore, to require Plaintiff to produce evidence of each bill at this time would violate the principle that a plaintiff is not required to plead evidence to satisfy the heightened requirements of Rule 9(b). *See Lomaglio Assoc., Inc.*

12

*v. LBK Marketing Corp.*, 876 F. Supp. 41, 44 (S.D.N.Y. 1995) ("Rule 9(b) does not require plaintiffs to set forth their evidence in the complaint"). *See also Emery v. American General Finance, Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998) (particularity requirements of Rule 9(b) are relaxed by a showing that further particulars of the alleged fraud could not be alleged without discovery because the information is exclusively within the defendant's control and the defendant will not produce it voluntarily); *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, (7th Cir. 1998) (particularity requirement of Rule 9(b) relaxed where plaintiff lacks access to all facts necessary to detail his claim and the defendant resists plaintiff's efforts to obtain such information).

**V.   Conclusion**

    For the foregoing reasons, Defendant's Motion should be denied in its entirety.

                                PLAINTIFF-RELATOR,
                                ROBERT B. SMITH, M.D.

By: _____
Peter B. Prestley
Federal Bar No.: ct15799

MADSEN, PRESTLEY, & PARENTEAU
44 Capitol Avenue, Suite 201
Hartford, CT 06106
Tel:   (860) 246-2466
Fax:   (860) 246-1794
ATTORNEY FOR
PLAINTIFF-RELATOR SMITH

CERTIFICATE OF SERVICE

     The undersigned certifies that on this 4th day of June 2004, a copy of the foregoing was sent via mail delivery to the following counsel of record:

Mary Alice Leonhardt
Law Offices of Mary Alice Leonhardt, LLC
102 Oak Street
Hartford, CT 06106

Willam J. Doyle, Esq.
Kenneth D. Heath, Esq.
Wiggin & Dana LLP
One Century Tower
265 Church Street, Box 1832
New Haven, CT 06508

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, & Noonan, P.C.
741 Boston Post Road
Concept Park
Guilford, CT 06437

Alexander J. Lawrence
Carl H. Loewenson
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York NY 10104-0050

Richard M. Molot
Assistant United States Attorney
P. O. Box 1834
New Haven, CT 06508

                                                  _____
                                                  Peter B. Prestley, Esq.