UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br>ex rel. ROBERT C. SMITH, M.D.,<br><br>  Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY and YALE-NEW HAVEN<br>HOSPITAL, INC.,<br><br>  Defendants. | Civil Action<br>No. 3:00-cv-01359(PCD)<br><br><br><br>JUNE 18, 2004 |

### DEFENDANTS' REPLY TO RELATOR'S OPPOSITION TO MOTION TO QUASH THE THIRD-PARTY SUBPOENA AND STAY DISCOVERY

Defendants Yale University ("Yale") and Yale-New Haven Hospital, Inc. ("YNHH") (collectively, "Defendants") hereby reply to the opposition of Plaintiff-Relator Robert Smith ("Relator") to Defendants' motion to quash the third-party subpoena to United Healthcare and to stay discovery in this action.[1]

**I. Discovery Should Be Stayed Until a Decision Is Rendered on Defendants' Motion to Dismiss Relator's Second Amended Complaint.**

Defendants do not advocate a blanket rule that discovery should be stayed in all actions until a motion to dismiss is decided. With respect to actions filed under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, however, special considerations apply. This is especially the case where, as here, a defendant's motion to dismiss is based on failure to plead FCA claims with

---

[1] On June 3, 2004, after Defendants filed their motion to stay discovery, the Court ordered that discovery should be completed on or before September 20, 2004, and denied Defendants' alternative proposed schedule that would have set the close of discovery for a later date. Thus, Yale has served a set of interrogatories and requests for the production of documents to Relator, without prejudice to this pending motion. With approximately four months until the close of discovery, Defendants decided it was best to provide notice to Relator of what it would be seeking through discovery. Should the Court grant the motion to stay discovery in this matter, however, Yale will hold Relator's obligation to respond to those requests in abeyance.

ny-575152

particularity and lack of subject matter jurisdiction. Further, the peculiar procedural posture of this case—wherein the Government did not decline to intervene until September 16, 2003, the First Amended Complaint was not ordered unsealed until September 18, 2003, and the Second Amended Complaint was not filed until March 23, 2004—undercuts any argument that a stay of discovery in this case would cause unreasonable delay. Under these circumstances, discovery should be stayed pending the Court's decision on the motion to dismiss.

**A.    Courts Do Not Allow Discovery to Proceed Before a Motion to Dismiss an FCA Claim Is Decided.**

As set forth in Defendants' motion to stay, courts routinely stay discovery pending a decision on a motion to dismiss FCA claims. The cases cited by Relator in support of his argument to the contrary are inapposite, and Relator fails in his attempt to distinguish the cases relied upon by Defendants in their motion.

**1.    Relator's Argument That Courts Typically Allow Discovery Before a Motion to Dismiss an FCA Claim Is Decided Is Unavailing.**

In an attempt to support his argument that courts typically proceed with discovery on FCA claims while a motion to dismiss is pending, Relator cites three cases. (Opp. at 1-2.) None of these cases lends any support to Relator's argument. If anything, the cases relied on by Relator counsel in favor of Defendants' motion to stay discovery.

Croskey v. United States, 26 Cl. Ct. 685 (Cl. Ct. 1992), involves a claim by a government employee against the United States under 28 U.S.C. § 2514. The causes of action asserted in Croskey have no relationship to a civil FCA claim, which is asserted by a relator on behalf of the United States government. Moreover, the court in Croskey did not allow the plaintiff to proceed with discovery. Rather, the court ordered all documents requested by the plaintiff to be

submitted *in camera* to be reviewed after the court reached a decision on the government's motion to dismiss. Id. at 688.

Likewise, United States ex rel. Coppock v. Northrup Grumman Corp., 398CV2143D, 2002 WL 1796979 (N.D. Tex. Aug. 1, 2002) ("Coppock I"), does not stand for the proposition that discovery should proceed pending the court's decision on a motion to dismiss. The court in Coppock I found that it did not have subject matter jurisdiction over most aspects of the plaintiff-relator's FCA claim. Id. at *7. With respect to those aspects of the plaintiff-relator's FCA claim over which the court did have jurisdiction, the court granted defendant's motion to dismiss under Rules 9(b) and 12(b)(6). Id. at *13. The court, however, permitted the plaintiff-relator to proceed with his state law claims. Id. at *13-15. Having allowed the state law claims to proceed, the court denied defendant's motion to stay discovery. Id. at *1 n.1. Contrary to Relator's assertions, the plaintiff-relator in Coppock I was not allowed to proceed with discovery before a decision was rendered on the motion to dismiss his FCA claims.

Nor is Relator's argument supported by the third case he cites, United States ex rel. Chandler v. Hektoken Institute for Medical Research, 35 F. Supp. 1078 (N.D. Ill. 1999). In Chandler, the only basis for the motion to dismiss the substantive FCA claims was an argument that the FCA is unconstitutional, an issue wholly unaffected by discovery. On January 7, 1999, the court ordered discovery to proceed despite the pending motion seeking to declare the FCA unconstitutional. Id. at 1079 n.1. Shortly thereafter, on February 9, 1999, the court denied the motions to dismiss. Id. at 1087. Chandler is inapplicable to this case, where Defendants' challenge is based on the sufficiency of the complaint and discovery could be used inappropriately to overcome that challenge.

ny-575152                                 3

In addition to these three cases, Relator also relies on <u>United States ex rel. Nudelman v. International Rehabilitation Associates, Inc.</u>, 00-1837, 2004 WL 1091032 (E.D. Pa. May 14, 2004). (Opp. at n.1.) <u>Nudelman</u> is wholly inapplicable to this case. <u>Nudelman</u> involved a relator's challenge to a settlement agreement entered into by the federal government and the defendants under § 3730(c)(2)(B) of the FCA. The court found that, while the relator had "produced a fair quantum of evidence to support the allegations of his complaint," the government had not offered any evidence that the settlement was "fair, adequate, and reasonable," as required by statute. <u>Id.</u> Thus, the court ordered that a "reasonable amount of discovery" be conducted and that a hearing be held to consider whether the settlement was fair. <u>Id.</u> Relator's reliance on <u>Nudelman</u> in this case is completely misplaced.

Relator has not cited a single case where a court allowed discovery to proceed before reaching a decision on a motion to dismiss for failure to plead FCA claims with particularity.

2.  **Relator Fails to Distinguish the Cases Relied Upon by Defendants.**

In attempting to distinguish the cases cited by Defendants to demonstrate that courts routinely prohibit relators from conducting discovery until after they have satisfied the specificity requirements of Rule 9(b), Relator misreads the caselaw. (Opp. at 5-6.) None of the cases cited by Defendants stands for the nonsensical proposition offered by Relator that it is not until a court has dismissed a complaint under Rule 9(b) that the court will stay discovery. Rather, the cases stand for the simple proposition that discovery cannot be used to overcome the impediments of Rule 9(b) and fish for a sustainable fraud claim.

While the particular procedural posture of two of the cases cited by Defendants led the courts to stay discovery only after ruling on the sufficiency of the underlying complaints, the courts' decisions to grant a stay did not turn on the fact that the courts had already ruled on the

Rule 9(b) challenges. That the underlying complaints in those cases were dismissed was irrelevant to the courts' analyses. Rather, the decisions in United States ex rel. Riley v. Alpha Therapeutic Corp., No. C-96-0704 DLJ, 1997 U.S. Dist. LEXIS 23866 (N.D. Cal. Nov. 10, 1997), and United States ex rel. Sanders v. East Alabama Healthcare Authority, 953 F. Supp. 1404 (M.D. Ala. 1996), turned on the logical conclusion that discovery cannot be used by a relator to cure a deficient complaint. Riley, 1997 U.S. Dist. LEXIS 23866, at *10 n.1 (dismissing plaintiff's complaint and rejecting plaintiff's request to amend the complaint after conducting discovery, noting that the purpose of Rule 9(b) is to require "plaintiffs [to] show that there is some substance to their claim of fraud before a defendant will be subjected to the rigors of the discovery process") (emphasis added); Sanders, 953 F. Supp. at 1414 (granting plaintiffs leave to re-amend their complaint, but prohibiting plaintiffs from conducting discovery in the interim, noting that plaintiffs "must amend their complaint based on their own knowledge").

Further, in United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc., 755 F. Supp. 1040 (S.D. Ga. 1990), the court granted the relator leave to amend the original complaint, but left in effect a previously instituted stay of discovery. In so doing, the court cautioned that a relator "may not . . . engage in discovery to unearth additional facts to support its complaint." Id. at 1051. See also United States ex rel. Barrett v. Columbia/HCA Health Care Corp., 251 F. Supp. 2d 28, 36 (D.D.C. 2003) ("Discovery in this case has been stayed pending decision on HCA's motion to dismiss [under Rule 9(b)], thus the case has been almost completely inactive during the pendency of the motion").

Each of these cases supports Defendants' position that courts routinely prohibit discovery from being used as an end-run around the requirements of the FCA and Rule 9(b). While the procedural posture in such cases is often such that discovery is not sought until after a motion to

dismiss is filed (or a pending motion to stay is ruled on simultaneously with a pending motion to dismiss), the special circumstances of this case cannot be used to justify a departure from the well-founded rule that a relator may not use discovery to overcome the hurdles of the FCA and Rule 9(b).

> **B.    Until the Rule 9(b) Motion to Dismiss is Decided, Relator Should Not Be Allowed to Proceed With Discovery.**

As discussed in Defendants' motion, Rule 9(b) serves a special gatekeeping function in FCA actions. Rule 9(b) permits only those relators who are able to plead fraud with particularity to proceed with their claims and, if successful on those claims, to share a portion of the government's recovery. See United States ex rel. Russell v. Epic Healthcare Mgmt. Group, 193 F.3d 304, 309 (5th Cir. 1999) (holding that a "special relaxing of Rule 9(b) is a qui tam plaintiff's ticket to the discovery process that the statute itself does not contemplate").

Relator argues that this gatekeeping rule only applies once a court has ruled that the complaint does not satisfy Rule 9(b). (Opp. at 5-6.) If Relator's proposed rule were adopted, however, it would eviscerate the special pleading requirements for FCA claims. A relator could file a bare bones FCA complaint—or, as in this case, a long-winded but no less insufficient complaint—that lacks the essential elements of a properly pled FCA claim. The relator could then proceed full bore with discovery to plug in the holes of the deficient complaint before the court rules on the defendant's motion to dismiss. Assuming the court granted the relator leave to amend the complaint, the relator might be able to use the discovery to re-plead the FCA claims. This application of Rule 9(b) would turn the gatekeeping function of the rule on its head. As discussed above, courts routinely stay discovery to prevent just this outcome. See Barrett, 251 F.

Supp. 2d at 36; Riley, 1997 U.S. Dist. LEXIS 23866, at *10 n.1; Sanders, 953 F. Supp. at 1414; Stinson, Lyons, Gerlin & Bustamante, P.A., 755 F. Supp. at 1051.

The need to stay discovery in circumstances such as those present here was also recognized by the court in In re Chase Manhattan Corp. Sec. Litig., No. 90 Civ. 6092, 1991 WL 79432 (S.D.N.Y. May 7, 1991), a case relied upon by Relator. (Opp. at 2.) The court in that case declined to stay discovery, relying in part on the fact that that case was not one "where plaintiffs' counsel are looking to discovery for a basis on which to sustain the challenged pleading: they have disavowed such a purpose." Id. at *1. Where, as here, the discovery sought goes to the very heart of the complaint's deficiencies and a relator has already had multiple bites at the re-pleading apple, a stay of discovery pending resolution of a defendant's motion to dismiss is appropriate.

### C. Discovery Should Be Stayed Pending the Court's Decision on the Motion to Dismiss for Lack of Subject Matter Jurisdiction.

In addition to pleading his FCA claims with particularity, Relator must establish that he meets the FCA's strict jurisdictional requirements. Where, as here, a relator's claims are based on publicly disclosed information for which the relator is not an "original source," the court lacks subject matter jurisdiction. 31 U.S.C. § 3730(e)(4). Defendants' motion to dismiss will also address the jurisdictional deficiencies of Relator's FCA claims.

Interestingly, subsequent to its opinion in Coppock I, cited by Relator and discussed above, the court issued another order after additional FCA claims had been pled. United States ex rel. Coppock v. Northrup Grumman Corp., 398CV2143D, 2003 WL 2217107 (N.D. Tex. Mar. 6, 2003) ("Coppock II"). The court in Coppock II explained why a stay of discovery is appropriate in FCA cases once questions are raised about the court's subject matter jurisdiction:

> [F]or Coppock to withstand a factual attack on this court's FCA subject matter jurisdiction, and to meet his burden of proving jurisdiction by a preponderance of the evidence, by demonstrating that he is an original source . . . would not require discovery from anyone because Coppock can submit proof within his exclusive custody and control, without the need to conduct additional discovery from individuals under Northrop's control.
>
>                                     \*      \*      \*
>
> The court recognizes that the regimen it has adopted potentially builds in additional delay for discovery on the issue of public disclosure. This is problematic in a case that is already old due to delay attributable to the government in deciding whether to intervene and to Coppock in waiting to effect service after the government disclosed its decision. The court considers this approach preferable, however, to allowing potentially wide-ranging discovery from persons whose testimony may be unnecessary and to forcing the parties to incur the certain costs and delay associated with conducting discovery that will not be needed if the FCA jurisdiction question can be resolved based on Coppock as an original source.

Id. at *4-5. See also United States ex rel. O'Keeffe v. Sverdup Corp., 131 F. Supp. 2d 87 (D. Mass. 2001) ("Court stayed discovery on the merits pending resolution" of whether the court "lacks subject matter jurisdiction because Relator's claims are based upon publicly disclosed allegations or transactions").

This Court echoed this sentiment in another case cited by Relator. See Moss v. Hollis, Civ. No. B-90-177, 1990 WL 138531 (D. Conn. June 29, 1990) (Dorsey, J.). In Moss, this Court noted that a stay of discovery is not appropriate where defendants "have not attempted to point out any glaring deficiencies, either substantively or jurisdictionally, in plaintiff's complaint that would subject it to dismissal." Id. at *1 (emphasis added). The same cannot be said here, where Defendants intend to raise arguments in their motion to dismiss under, inter alia, the jurisdictional requirements of 31 U.S.C. § 3730(e)(4).

Although the matter is not yet before the Court, the question regarding the subject matter jurisdiction over Relator's claims is yet another reason why proceeding with discovery is inappropriate at this time.

## II.    A Stay of Discovery in this Case Is Appropriate.

### A.    Defendants Have Shown Good Cause to Stay Discovery.

As discussed above, the FCA involves special pleading and jurisdictional hurdles that must be cleared before a relator can proceed with his or her claims. Adherence to these special requirements constitutes good cause to stay discovery. A relator cannot be allowed to use discovery to circumvent the safeguards of the FCA and Rule 9(b), which protections exist to prevent individuals from improperly claiming entitlement to a share of the government's recovery. To hold otherwise would allow a relator to assert ill-founded claims, improperly bolster those claims through discovery, and potentially share undeservedly in the government's recovery. Prevention of this end-run around the protections of the FCA and Rule 9(b) certainly constitutes good cause to stay discovery.

Further, Defendants should be protected from having to respond to Relator's invasive discovery demands until it is determined that Relator has the right to proceed with his FCA claims. While all discovery is, as Relator notes, burdensome, discovery in a suit that may be dismissed for failure to plead the FCA claims with particularity and for lack of subject matter jurisdiction is particularly vexatious. See Coppock II, 2003 WL 2217107 at *4-5 (granting a stay of discovery to prevent "potentially wide-ranging discovery from persons whose testimony may be unnecessary and to [prevent] forcing the parties to incur the certain costs and delay associated with conducting discovery that will not be needed if the FCA jurisdiction question can be resolved based on [relator] as an original source").

**B.     A Stay of Discovery Will Not Unreasonably Delay Resolution of this Case.**

Staying discovery until after the Court's decision on Defendants' motion to dismiss will not unreasonably delay the resolution of this case. As the Court points out in its June 3, 2004 order, the Government did not file its notice of election to decline to intervene until September 16, 2003, and the Court did not file its order unsealing the First Amended Complaint until September 18, 2003. Thus, this case did not commence for Defendants until very recently.

Moreover, the Second Amended Complaint in this matter was not filed until March 23, 2004, and Defendants only this week received a copy of the Original Complaint, which they needs to move for dismissal of Relator's claims. Defendants have moved as quickly as possible to review the allegations set forth in the Second Amended Complaint and to prepare their responsive pleading. Defendants will be filing a motion to dismiss the Second Amended Complaint on or before July 15, 2004. This July 15, 2004 date was agreed upon by the parties in order to accommodate the trial in a parallel state court proceeding, which commenced with jury selection on June 1, 2004 and is expected to last through mid-July. Thus, even if Defendants had already submitted their motion to dismiss, as a practical matter, the timing of the state court trial would prevent the parties from moving this case along with much greater speed.

Given the peculiar procedural posture of this case, any delay caused by a temporary stay of discovery pending resolution of the motion to dismiss will not be unreasonable, and a stay of discovery will not, as Relator cautions, create a blanket rule that discovery should be stayed pending resolution of any motion to dismiss.

### III.  Relator's Argument that He Has Met the Requirements of Rule 9(b) Is Premature.

Relator prematurely argues that he has pled the required "who, what, when, and where" of the fraud underlying his FCA claims with particularity. (Opp. at 9-13.) Of course, now is not the time to argue the merits of Defendants' motion to dismiss. Defendants will soon submit their motion to dismiss showing exactly why under FCA authority, Relator's claims do not meet the Rule 9(b) standard. Until then, as discussed above, Relator should not be allowed to proceed with discovery.

### IV.  Conclusion

For the foregoing reasons, Defendants respectfully request that the Court quash the subpoena to non-party United Healthcare and stay discovery in this action pending the Court's decision on Defendants' motion to dismiss the Second Amended Complaint.

Dated: June 18, 2004

Respectfully submitted,

WIGGIN & DANA LLP

William J. Doyle (CT04190)
Kenneth D. Heath (CT23659)
One Century Tower
265 Church Street
New Haven, CT 06508-1832
(203) 498-4400

- and -

MORRISON & FOERSTER LLP
Carl H. Loewenson, Jr.
Stanley R. Soya
J. Alexander Lawrence
1290 Avenue of the Americas
New York, NY 10104-0185
(212) 468-8000

Attorneys for Defendant Yale University


DELANEY, ZEMETIS, DONAHUE,
DURHAM & NOONAN, P.C.

Patrick M. Noonan (CT00189)
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

Attorneys for Defendant
Yale-New Haven Hospital, Inc.

## CERTIFICATE OF SERVICE

I, Kenneth D. Heath, hereby certify that true and correct copies of Defendants' Reply to Relator's Opposition to Motion to Quash the Third-Party Subpoena and Stay Discovery and Memorandum of Law in Support Thereof were served by U.S. Mail, on June 18, 2004, upon:

Carl H. Loewenson, Jr.
Stanley R. Soya
J. Alexander Lawrence
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104-0185

Patrick M. Noonan
Delaney, Zemetis, Donahue,
Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

Mary Alice Leonhardt
Offices Of Mary Alice Leonhardt
102 Oak Street
Hartford, CT 06106

Peter B. Prestley
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue
Suite 201
Hartford, CT 06106

Jacques J. Parenteau
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320

and, pursuant to Rule 5(c) of the Local Rules of Civil Procedure, three copies by United States Postal Service, First Class Mail to:

John Hughes, Esq.
Richard Molot, Esq.
Assistant United States Attorney
Office of the Assistant United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510.

_____
Kenneth D. Heath

ny-575152