# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br>ex rel. ROBERT C. SMITH, M.D.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY and YALE-NEW HAVEN<br>HOSPITAL, INC.,<br><br>　　　　　Defendants. | : CIVIL NO. 3:00cv01359 (PCD)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: AUGUST 26 , 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY UNITED HEALTHCARE'S MOTION FOR PROTECTIVE ORDER

Non-party United Healthcare, through its undersigned counsel, respectfully submits this memorandum of law in support of its motion for protective order pursuant to Federal Rules of Civil Procedure 26(c) and 45(c).

### BACKGROUND

On May 7, 2004, plaintiffs in the above captioned action served a subpoena for documents on United Healthcare (the "Subpoena"). The Subpoena requests that United Healthcare produce documents relating to billings and payments for radiology services furnished by certain doctors to

all patients on certain specified dates.[1] On May 18, 2004, defendants in the above captioned action moved to quash the Subpoena and to stay discovery on various grounds, including a claim by defendants that the Subpoena is an inappropriate use of the discovery process by plaintiffs to overcome a failure to plead certain claims with particularity in accordance with 9(b) of the Federal Rules of Civil Procedure. On June 7, 2004, plaintiffs filed a response memorandum in opposition to defendants' motion to quash the Subpoena. The parties have taken opposing positions as to whether plaintiffs may conduct such discovery and as to whether United Healthcare must comply with the Subpoena in the current procedural posture. This Court has not yet ruled on defendants' motion to quash the Subpoena and to stay discovery.

## ARGUMENT

### United Healthcare Seeks Guidance with respect to the Parties' Competing Positions

Federal Rule of Civil Procedure 26(c)(2) authorizes parties and non-parties to whom discovery is directed to seek a protective order setting the conditions and timing under which discovery may be had. In this case, United Healthcare seeks an order determining precisely these elements – whether and, if so, when, United Healthcare must comply with the plaintiffs' subpoena.

---

[1] Read literally, the Subpoena would require United Healthcare to produce documents containing confidential information – specifically, patient names and other identifying information – protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The plaintiff in this case, however, has agreed that United Healthcare may redact such information from any documents that it produces.

The parties have taken opposing views as to whether United Healthcare must presently comply with the subpoena or await the Court's ruling on the defendant's motion to quash. In fact, each party has supplied some legal analysis to support their respective positions, although both acknowledge that the case law on this issue is scant. It would seem that this is the type of issue that is most often resolved pragmatically and without the need for a ruling. In this instance, however, the plaintiff has insisted upon compliance while the defendant has opposed compliance until the Court has the opportunity to rule. Accordingly, United Healthcare respectfully requests the Court's guidance on how to proceed.

## CONCLUSION

For the reasons stated above, the Court should grant United Healthcare's Motion for Protective Order.

UNITED HEALTHCARE

By _____
Daniel L. FitzMaurice (ct# 05331)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
Their Attorneys

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, via First-class mail, postage prepaid, to:

Carl H. Loewenson, Jr.
Stanley R. Soya
J. Alexander Lawrence
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104-0185

Patrick M. Noonan
Delaney, Zemetis, Donahue,
Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

Mary Alice Leonhardt
Offices of Mary Alice Leonhardt
102 Oak Street
Hartford, CT 06106

Peter B. Prestley
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue
Suite 201
Hartford, CT 06106

William J. Doyle
Kenneth D. Heath
Wiggin & Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06508-1832
(203) 498-4400

Jacques J. Parenteau
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320

and, pursuant to Rule 5(c) of the Local Civil Rules for the United States District Court for the District of Connecticut, three copies by United States Postal Service, First Class Mail to:

John Hughes, Esq.
Richard Molot, Esq.
Assistant United States Attorney
Office of the Assistant United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Daniel L. FitzMaurice