UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, | : |
| ex rel. ROBERT C. SMITH, M.D., | : |
|     Plaintiff, | : |
| | :   Case No: 3:00cv1359 (PCD) |
| vs. | : |
| | : |
| YALE UNIVERSITY and YALE-NEW, | : |
| HAVEN HOSPITAL, INC., | : |
|     Defendants. | : |

**RULING ON MOTION TO QUASH AND STAY**

    Pursuant to Fed. R. Civ. P. 26(c) and 45(c), Defendants move to quash the third-party subpoena served on United Healthcare and to stay discovery pending the resolution of Defendants' forthcoming motion to dismiss.  Additionally, United Healthcare moves for a protective order relieving them of the obligation to comply with the subpoena.  For the reasons stated below, Defendants' Motion [Doc. No. 115] is **granted** in part and United Healthcare's Motion [Doc. No. 155] is **granted**.

    A district court has the discretion to stay discovery in a case for good cause shown. Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 F.R.D. 367, 368 (S.D.N.Y. 2002), citing Fed. R. Civ. P. 26(c).  "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Id.  Generally, of course, discovery will not be automatically stayed simply because a dispositive motion has been filed and in deciding whether to enter such a stay discovery, courts may look to the breadth of discovery sought and the burden of responding to it.  Id.  This particular matter is uniquely impacted by the nature of the cause of action.

Plaintiff brings suit under the False Claims Act ("FCA"), 31 USCS § 3730, which is subject to Fed. R. Civ. P. 9(b) which requires that all claims of fraud be plead with particularity. Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476 (2d Cir. 1995). However, in addition to pleading with particularity, the plaintiff must be an original source of the information pertaining to the allegedly fraudulent conduct. Id. at 1477. To be an original source, Plaintiff "must, at least, have direct and independent knowledge of that information." Id. If a plaintiff is not an original source of the information and instead gains the relevant information from secondary sources, the lawsuit may be dismissed. See e.g. United States v. New York Med. College, 252 F.3d 118, 121 (2d Cir. 2001) (Affirming dismissal of complaint where "the 'source of the core information' underlying plaintiffs' allegations of fraud is the two audits conducted by HHC [a third party]"). Consequently, a plaintiff may not use the discovery process to supplement his or her allegations of fraud because "allowing a relator to plead generally at the outset and amend the complaint at the 12(b)(6) stage after discovery would be at odds with the FCA's procedures for filing a qui tam action..." United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 231 (1st Cir. 2004).

Defendants argue that is exactly what is taking place in the present action. They assert that Plaintiff has failed to plead with sufficient particularity and that he is attempting to supplement his knowledge of the circumstances surrounding the allegedly fraudulent conduct through the discovery process. Def. Mem. Supp. Mot. to Stay at 5-7. Defendants have served a motion to dismiss[1] based at least in part on Plaintiff's failure to plead with specificity and

---

[1] While the original motion has been served on Plaintiff, it has not yet been filed with the Court, in accordance with this Court's Supplemental Order. See Certificate of Service [Doc. No. 134] (stating that motion had been served as of July 15, 2004).

therefore argue that discovery should be stayed until the resolution of that motion in order to insure that, should they prevail and Plaintiff seek leave to amend, any further pleadings would be based on first hand knowledge and not the discovery process.  Def. Reply Br. at 6.

Plaintiff argues that this position is unsupported and that to rule in Defendants' favor would result in an overbroad rule that "under Rule 9(b), no plaintiff would be allowed to conduct discovery until after a district court rules on the defendant's motion to dismiss" for lack of specificity.  Pl. Mem. Opp. Mot. to Stay at 6.  Such a rule, Plaintiff argues, would impede the ability of courts to conduct discovery expeditiously and manage its docket.  Pl. Mem. Opp. Mot. to Stay at 6-7.

While Plaintiff's concerns regarding the effect of a stay on discovery and the expeditious adjudication of cases are not without some merit, it is clear that courts have stayed discovery when dealing with FCA claims and the particularity requirement.  See e.g. United States ex rel. Barrett v. Columbia/HCA Healthcare Corp., 251 F. Supp. 2d 28, 35 (D.D.C. 2003) ("Discovery in this case has been stayed pending decision on HCA's motion to dismiss..."); United States ex rel. O'Keeffe v. Sverdup Corp., 131 F. Supp. 2d 87, 88 (D. Mass. 2001) ("The Court stayed discovery on the merits pending resolution" of several issues including whether the "[r]elator's claims are based upon publicly disclosed allegations or transactions").  The rationale for staying discovery under these circumstances in an FCA action outweighs the potential disadvantages to managing the Court's docket.  Given the FCA's requirement that the plaintiff be an "original source," Gold, 68 F.3d at 1476, the circumstances in this case are different from the more typical fraud claim and involve more than simply Rule 9(b)'s notice requirements, see Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004) ("The particularity requirement of Rule 9(b) serves to

'provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing...'") (citation omitted). Staying discovery in the context of an FCA case where the defendant has raised questions about this Court's jurisdiction and whether Plaintiff is attempting to cure the particularity requirement through second hand information protects not only Defendants' ability to properly defend this case, but also Plaintiff's ability to further prosecute it. Indeed, should Defendants' motion to dismiss be granted,[2] Plaintiff's ability to seek leave to amend without violating the requirements of the FCA, Karvelas, 360 F.3d at 231, is more properly preserved. Accordingly, Defendants have shown good cause to stay discovery. Whatever prejudice Plaintiff may suffer by virtue of discovery being delayed for a few months is outweighed by the importance of the questions raised by Defendants in the context of an FCA action and the potential for Plaintiff to be prejudiced later should discovery continue and Defendants' motion be granted. Furthermore, although the motion is not yet before the Court, it is completed and not "forthcoming" in the sense that Plaintiff suggests. Pl. Mem. Opp. Mot. to Stay at 7. The motion will be ripe shortly and the reasons for the stay are particular enough that there is no reason to assume, as Plaintiff suggests, that granting Defendants' Motion will result in a rule so broad that a court must stay discovery, regardless of the cause of action and questions raised, whenever a defendant informs the court that a motion to dismiss is forthcoming - no matter how far off the actual filing of that motion may be. See Pl. Mem. Opp. Mot. to Stay at 7.

Based on the foregoing, Defendants' Motion to Quash and Stay [Doc. No. 115] is

---

[2] As stated, the motion is not currently before the Court, thus no position is taken on its potential merit or lack thereof. It is noted, however, that should Defendants' motion be granted, the stay will have spared the parties the expense and time involved in conducting discovery.

**granted** in part. All discovery will be stayed pending the resolution of its forthcoming motion to dismiss. However, the subpoena is not quashed, rather compliance with it shall be held in abeyance subject to that ruling. Should Defendants' motion be denied, the subpoena shall be immediately complied with. Thus, Non-Party United Healthcare's Motion for Protective Order [Doc. No. 155] is also **granted**. United Healthcare need not comply with the discovery requests. However, should Defendants' motion be denied, United Healthcare shall comply with such requests immediately thereafter.

SO ORDERED.

Dated at New Haven, Connecticut, September  1 , 2004.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court