UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | Civil Action |
| ex rel. ROBERT C. SMITH, M.D., | : | No. 3:00-cv-01359(PCD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| YALE UNIVERSITY and YALE-NEW HAVEN | : | |
| HOSPITAL, INC., | : | |
| | : | September 2, 2004 |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW Re: UNITED HEALTHCARE'S MOTION FOR PROTECTIVE ORDER AND IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SUBPOENA SERVED UPON THIRD PARTY UNITED HEALTHCARE**

**I.      Introduction**

Plaintiff, Robert Smith, M.D., through his undersigned counsel, hereby moves this Court to issue an order directing United Healthcare to comply with the subpoena with which it was served by Plaintiff on May 10, 2004. In the subpoena at issue, Plaintiff seeks documents evidencing billing and/or payments for radiology services furnished in connection with the finalization of radiology reports by Dr. Gordon Sze on March 9, 1998 and Dr. Morton Glickman on April 19-22, 2000. To date, United Healthcare has refused to produce the documents sought by Plaintiff in the subpoena because Defendants' Motion to Quash the Third-Party Subpoena is still pending. United Healthcare has now filed a Motion for Protective Order in which it seeks "the Court's guidance on how to proceed" with respect to the subpoena served by Plaintiff.

This Court should issue an order directing United Healthcare to promptly comply with the subpoena Plaintiff served upon it months ago. United Healthcare's basis for

1

refusing to comply, the pendency of a motion to quash, has no legal basis. As an initial matter, Defendants have no standing to quash the subpoena at issue. In addition, notwithstanding Defendants' lack of standing to quash the subpoena, United Healthcare's purported reason for refusing to produce the documents in question does not constitute "adequate cause" that justifies United Healthcare's non-compliance with Plaintiff's subpoena. Accordingly, this Court should issue an order directing United Healthcare to comply with the subpoena forthwith.

## II.  Background

Plaintiff-relator Robert Smith, M.D., ("Plaintiff") filed the instant *qui tam* action on July 19, 2000 pursuant to 31 U.S.C. § 3730 alleging that Defendants submitted false claims for reimbursement to Medicare. Plaintiff was hired by Defendant in 1990, as an instructor in the Department of Diagnostic Radiology. (Second Am. Compl. ¶ 7.) By July 1996, Plaintiff had become an Associate Professor at Yale's School of Medicine. (*Id.*) Plaintiff's duties at Yale required him to provide radiology services to patients at Yale New Haven Hospital, including Medicare and Medicaid beneficiaries, and to teach, train, and supervise Radiology Residents and Fellows who were participants in the Hospital's Residency Program. (*Id.*)

In the performance of the duties required by his employment, Plaintiff learned that Defendants were filing fraudulent claims to Medicare for reimbursement. After Defendants failed to heed his internal complaints and retaliated against him for complaining about their practice of submitting false claims to the government, Plaintiff filed this *qui tam* action against Defendants pursuant to 31 U.S.C. § 3730. In an effort to obtain additional evidence to substantiate his claims, Plaintiff served a subpoena on

United Healthcare on May 10, 2004.  In his subpoena, Plaintiff requested that United Healthcare produce:

1. Any and all documents evidencing billing and/or payments for radiology services furnished, or claimed to be furnished, in connection with the finalization of radiology reports by Gordon Sze, M.D. on March 9, 1998 who is on the faculty at Yale University School of Medicine and on the staff of Yale-New Haven Hospital.

2. Any and all documents evidencing billing and/or payments for radiology services furnished, or claimed to be furnished, in connection with the finalization of radiology reports by Morton Glickman, M.D. on April 19, 2000; April 20, 2000; April 21, 2000; and April 22, 2000 who is on the faculty at Yale University School of Medicine and on the staff of Yale-New Haven Hospital.

(Exhibit A of United Healthcare Subpoena, attached as Ex. A.)  Soon thereafter, on May 18, 2004, Defendants filed their Motion to Quash the Third-Party Subpoena and Stay Discovery.  Plaintiff opposed Defendants' Motion to Quash the Third-Party Subpoena and Stay Discovery on June 4, 2004.  Defendants' Motion to Quash is still pending.  United Healthcare has now filed a Motion for Protective Order with the Court seeking guidance from the Court on how to proceed.

To date, almost four months since it was served with the subpoena, United Healthcare has persistently declined to produce the documents requested.  United Healthcare has indicated to Plaintiff that it will not comply with the subpoena because there is a pending motion to quash.  In essence, United Healthcare has taken the position that once a motion to quash a subpoena is filed, an automatic stay is entered which excuses third parties from their obligation to comply with the subpoena.  Plaintiff rejects United Healthcare's contention that it is excused from its obligation to comply with the Plaintiff's subpoena due to the pendency of Defendants' Motion to Quash.  Accordingly,

3

Plaintiff hereby moves this Court to issue an order directing United Healthcare to comply with the subpoena.

### III.   Discussion

    A.   <u>Defendants Lack Standing to Quash the Subpoena</u>

United Healthcare has repeatedly indicated to Plaintiff that it need not comply with the subpoena during the pendency of Defendants' Motion to Quash.  United Healthcare's reliance on Defendants' Motion to Quash is misplaced because Defendants lack standing to quash the subpoena served upon United Healthcare.  In response to United Healthcare's request for guidance on this issue, this Court should issue an order directing United Healthcare to comply with the subpoena.

"In the absence of a claim of privilege a party does not usually have standing to object to a subpoena of a nonparty witness." *Langford v. Chrysler Motor Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (citing Moore Federal Practice). *See also Haywood v. Hudson*, No. CV-90-3287, 1993 WL 150317 (E.D.N.Y. Apr. 23, 1993) (denying motion to quash subpoena where defendant did not have a personal right or privilege with regard to any of witnesses subpoenaed); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (denying party's motion to quash subpoena of non-party because the party was not in possession of the material subpoenaed and did not allege any personal right or privilege with respect to the materials subpoenaed) (citing *Vogue Instruments Corp. v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967); *Shepard v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957); *Green v. Sauder Moldings, Inc.*, 2004 WL 1753259 at *2 (E.D. Va. Aug. 2, 2004) ("A motion to quash should be made by the person or entity from whom or from which the documents or things are requested. Generally, a party to litigation has no standing to

move to quash a third-party subpoena duces tecum unless the movant claims some personal right or privilege to the documents sought. Here, Plaintiff is not the party to whom the subpoena was issued. Consequently, absent a showing of privilege or private right, he has no standing upon which to quash it.") (internal citations omitted); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) (denying motion to quash third party subpoena because litigant failed to claim privilege or privacy interest).

In light of Defendants' failure to assert any claim of privilege or privacy interest, they lack standing to quash the third party subpoena Plaintiff served upon United Healthcare. Accordingly, United Healthcare's reliance upon Defendants' Motion to Quash is improper and this Court should require that it now comply with the subpoena.

        B.      <u>In the Alternative, United Healthcare is Not Excused From Complying With the Subpoena Simply Because A Motion to Quash is Pending</u>

United Healthcare has informed Plaintiff that it will not take any action in compliance with Plaintiff's subpoena until the Court rules on Defendants' Motion to Quash. At the core of United Healthcare's position, therefore, is the assertion that, when a motion to quash is filed, an automatic stay enters and a party's obligation to comply with the subpoena is suspended until a ruling is made. As there is no support for their premise, United Healthcare should be required to comply with the subpoena.

No method of discovery, including subpoenas, is stayed simply because a party files a motion to stay discovery. *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Defendant's argument assumes that the moment it has filed a motion to stay discovery on the damages issue, it need no longer obey basic discovery rules. Defendant is in effect granting itself a stay of discovery. Simple logic teaches that defendant has put the presumption on the wrong

5

side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all."); *Billups v. West*, No. 95 Civ. 1146, 1997 WL 100798 at *2-3 (S.D.N.Y. March 6, 1997).

Rule 45 governs subpoenas and it says nothing about the entrance of an automatic stay when a motion to quash is filed. Moreover, United Healthcare has provided the undersigned with no authority supporting the entrance of an automatic stay under such circumstances.[1] What Rule 45 does do, however, is impose an affirmative burden on the party who objects to complying with the subpoena to put forth the reasons justifying excusal from compliance. *Du Pont v. MacDermid, Inc.*, 2003 WL 23511729 (D. Conn. 2003) (the burden establishing an entitlement to order quashing subpoena is on the movant); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("Rule 45(c)(3) provides limited bases upon which a motion to quash may be based.  Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena must comply with it.").

In that connection, Rule 45(e) provides an exclusive list of reasons that justify non-compliance with a subpoena.  It states that "failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court . . . . An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)" [i.e., incur substantial expense or travel more than 100 miles].

---

[1] To the knowledge of the undersigned, the only times at which litigation is suspended pursuant to an automatic stay is when a stay is required by statutes such as the Bankruptcy Act, 11 U.S.C. § 362; or the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B).

6

Because it is not even remotely comparable to the justifications for non-compliance set forth in the Rule, the pendency of a motion to quash a subpoena does not constitute an adequate excuse for non compliance as that term is contemplated in Rule 45(e). Accordingly, United Healthcare should be directed to comply with Plaintiff's subpoena immediately.

**IV.    CONCLUSION**

For the foregoing reasons, this Court should issue an order directing United Healthcare to promptly comply with the subpoena.

>     PLAINTIFF-RELATOR,
>     ROBERT SMITH
>
>
>     By:_____
>           Craig T. Dickinson
>           Federal Bar No. 18053
>     Madsen, Prestley & Parenteau, LLC
>     44 Capitol Avenue, Suite 201
>     Hartford, CT 06106
>     Tel: (860) 246-2466
>     Fax: (860) 246-1794

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing was mailed this date, via First-class mail, postage prepaid, to:

Mary Alice Leonhardt
Law Offices of Mary Alice Leonhardt, LLC
102 Oak Street
Hartford, CT 06106

Carl H. Loewenson, Jr., Esq.
Stanley R. Soya, Esq.
J. Alexander Lawrence, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104-0185

Patrick M. Noonan, Esq.
Delaney, Zemetis, Donahue, & Noonan, P.C.
741 Boston Post Road
Concept Park
Guilford, CT 06437

Daniel FitzMaurice
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

William J. Doyle, Esq.
Kenneth D. Heath, Esq.
One Century Tower
265 Church Street, Box 1832
New Haven, CT 06508-1832

_____
Craig T. Dickinson