UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
SEP 23  1 07 PM '04
NEW HAVEN, CONN.

| | |
|---|---|
| UNITED STATES ex rel.<br>ROBERT C. SMITH, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>YALE UNIVERSITY and YALE-NEW HAVEN HOSPITAL, INC.,<br><br>Defendants. | Civil Action<br>No. 3:00-cv-01359(PCD)<br><br>SEPTEMBER 20, 2004 |

**DECLARATION OF DEBRA MACLEOD**

I, Debra MacLeod, declare:

1. I am a Director of Operations for Per-Sé Technologies, Inc. (formerly known as Medaphis Corporation) ("Per-Sé") in Alpharetta, Georgia.

2. I am also the account executive for Per-Sé's account with the Yale University Department of Diagnostic Radiology ("Department of Diagnostic Radiology").

3. Since at least April 1, 1988, Per-Sé (or its predecessors) has provided services to the Department of Diagnostic Radiology pursuant to a Medical Services Management Agreement ("Agreement") between CyCare, Systems, Inc. (later acquired by Medaphis Corporation) and the Department of Diagnostic Radiology.

4. Pursuant to the Agreement with the Department of Diagnostic Radiology, Per-Sé (or its predecessors) has provided and continues to provide "billing, collection, and management services" including "[c]oding preparation and forwarding of all insurance claims and individual billings."

5.  Over the course of its dealing with the Department of Diagnostic Radiology, Per-Sé (or its predecessors) has regularly been provided the radiology reports finalized by members of the Department of Diagnostic Radiology on the DecRad system (currently the IDXRad System).

6.  Pursuant to the Agreement with the Department of Diagnostic Radiology, Per-Sé (or its predecessors) has taken the information provided to it from the DecRad/IDXRad system, printed the information, and provided the printed material to its team of coders, who are supervised by professionals certified by the American Academy of Professional Coders.

7.  The coders review the printed materials and, where appropriate, prepare bills to be submitted to private payors (such as insurance companies or health management organizations), and in some cases to the Medicare carrier and Medicare managed care organizations, and with respect to Medicaid to the Connecticut Department of Social Services or to the appropriate state agency.

8.  Many reports provided to Per-Sé (and its predecessors) by the Department of Diagnostic Radiology have not been submitted for reimbursement from Medicare or Medicaid or in many cases from any other payor.

   a. Reimbursement has not been sought for any report that has been finalized using the "Autosign" function on the DecRad/IDXRad system.

   b. Reimbursement has not been sought for reports that include a technical modifier, such as reports designated "no charge" or those involving certain repeat services.

   c. Reimbursement has not been sought for reports where the Department of Diagnostic Radiology specifically directed Per-Sé (and its predecessors)

2

not to seek reimbursement, such as services for certain "town welfare," hardship, and foreign free care patients.

d. Reimbursement has not been sought for reports where the Department of Diagnostic Radiology instructed Per-Sé (and its predecessors) that the services were provided pursuant to the cardiology capitation plan with Yale University Health Services.

e. Reimbursement has not been sought for reports for services provided to unidentified patients (i.e. "John Doe" and "Jane Doe" patients), who may have been Medicare or Medicaid beneficiaries, who received radiology services, and who remained unidentified.

f. Reimbursement has not been sought from Medicare or Medicaid where services were provided to certain research participants who may also be Medicare or Medicaid beneficiaries, when the Department of Diagnostic Radiology designated the report as being billable to a "t-account."

9. Pursuant to the agreement with the Department of Diagnostic Radiology, the coders scrutinize the reports to determine whether the documentation supports the service performed as identified on the report and to determine whether the reports have been finalized within the timely filing deadlines set forth in the Medicare and Medicaid regulations.

10. If a coder believes that a claim is likely not reimbursable due to timely filing issues, reimbursement will typically not be sought from Medicare or Medicaid.

11. When questions have arisen during the CPT or ICD-9 coding process regarding documentation issues, such as lack of signs, symptoms, reason for the exam or detailed number of views taken, Per-Sé returns reports to the Department of Diagnostic Radiology to be